**GORDON REES SCULLY MANSUKHANI, LLP**
Michael S. Hanan, Esq.
Mallory J. Benner, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500
(212) 269-5505
mhanan@grsm.com
mbenner@grsm.com
*Attorneys for Defendants Fifth Avenue Association
And Marie Boster*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDER MEZZATESTA,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH AVENUE ASSOCIATION BUSINESS IMPROVEMENT DISTRICT, INC., ROBERT LOUTTIT, EDWARD HOGAN, HOWARD SCHWARTZ, AND MARIE BOSTER,<br><br>Defendants. | Civil Action No.: 1:24-cv-00056-DLC<br><br><br>**DEFENDANT FIFTH AVENUE ASSOCIATION AND MARIE BOSTER'S ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendants, Fifth Avenue Association Business Improvement District Inc. and Marie Boster (collectively "Defendants"), by way of its Answer to the Complaint of Alexander Mezzatesta says:

**NATURE OF CASE**

1.     The allegations contained in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent a further response is required, Defendants deny any inference of liability and any wrongdoing on their part.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

6. The allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

7. To the extent the allegations in Paragraph 7 of the Complaint refer to a document, Defendants respectfully refer the court to that document for a complete and accurate understanding of its content, otherwise, the allegations contained in Paragraph 7 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint, and respectfully refer the court to the document referenced therein for a complete and accurate understanding of its content. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

## THE PARTIES

9. Except to admit that Plaintiff was employed by FAA from June 2020 to January 2023, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Complaint and leave Plaintiff to his proofs.

10. The allegations contained in Paragraph 10 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## STATEMENT OF FACTS

**Facts Related to Background of Plaintiff's Hiring and Employment at FAA**

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 are directed toward another party in this litigation; as such, no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

28. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28, which are directed toward another party in this litigation; except admit that Louttit became Interim President in March 2022.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 are directed toward other parties in this litigation; as such, no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 are directed toward other parties in this litigation; as such, no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on their part.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Except to admit that Ms. Boster became President of FAA on December 5, 2022, Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**Facts Related to the actions by Plaintiff at FAA and Retaliation**

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint purport to summarize a document; as such, Defendants respectfully refer the court to that document for a complete and accurate understanding of its content.

40. Except to admit that Louttit became Interim President in March 2022, Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

48. The allegations in Paragraph 48 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

56. The allegations in Paragraph 56 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

57. The allegations in Paragraph 57 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

58. The allegations in Paragraph 58 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

59. The allegations in Paragraph 59 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

60. The allegations in Paragraph 60 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 are directed toward another party in this litigation; as such, no response is required. To the extent a response is required, Defendants deny any inference of liability and any wrongdoing on his part.

65. The allegations in Paragraph 65 of the Complaint purport to summarize email correspondence; as such, Defendants respectfully refer the court to those documents for a complete and accurate understanding of their content.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint, but refer the Court to email correspondence from Plaintiff to Defendants dated December 14, 2022 for a complete and accurate understanding of its content.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Retaliation under Title VII 42 U.S.C. §§ 2000e et seq.**
**(Against FAA)**

71. Defendants repeat and reassert their responses to the allegations above as if fully set forth herein.

72. The allegations contained in Paragraph 72 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

73. The allegations contained in Paragraph 73 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. The allegations contained in Paragraph 73 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

### SECOND CAUSE OF ACTION
### Retaliation under 42 U.S.C. 1981
### (Against All Defendants)

78. Defendants repeat and reassert their responses to the allegations above as if fully set forth herein.

79. The allegations contained in Paragraph 79 (and its subparts) of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

80. The allegations contained in Paragraph 80 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. The allegations contained in Paragraph 82 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

### THIRD CAUSE OF ACTION
**Retaliation under New York State Executive Law Section 296**
**(Against All Defendants)**

86. Defendants repeat and reassert their responses to the allegations above as if fully set forth herein.

87. The allegations contained in Paragraph 87 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

88. The allegations contained in Paragraph 88 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. The allegations contained in Paragraph 90 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## **FOURTH CAUSE OF ACTION**
**Aiding and Abetting Retaliation under New York State Executive Law Section 296**
**(Against Board Chair Edward Hogan and Board Co-Chair Howard Schwartz)**

93. The allegations contained in Paragraph 93 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

94. The allegations contained in Paragraph 94 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

95. The allegations contained in Paragraph 95 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

96. The allegations contained in Paragraph 96 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

97.     The allegations contained in Paragraph 97 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

98.     The allegations contained in Paragraph 98 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## FIFTH CAUSE OF ACTION
### Retaliation under New York City Administrative Code
### (Against All Defendants)

99.     Defendants repeat and reassert their responses to the allegations above as if fully set forth herein.

100.    The allegations contained in Paragraph 100 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    The allegations contained in Paragraph 102 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together

with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## SIXTH CAUSE OF ACTION
### Aiding and Abetting Under the New York City Administrative Code
### (Against Defendants Hogan and Schwartz)

105. The allegations contained in Paragraph 105 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants. The allegations contained in Paragraph 4 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

106. The allegations contained in Paragraph 106 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

107. The allegations contained in Paragraph 107 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants. The allegations contained in Paragraph 4 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

108. The allegations contained in Paragraph 108 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

109. The allegations contained in Paragraph 109 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

110. The allegations contained in Paragraph 110 of the Complaint are directed to other parties to this litigation and, as such, no response is required on behalf of Defendants.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## SEVENTH CAUSE OF ACTION
### Interference under the New York City Administrative Code
### (Against All Defendants)

111.   Defendants repeat and reassert their responses to the allegations above as if fully set forth herein.

112.   The allegations contained in Paragraph 112 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

113.   The allegations contained in Paragraph 113 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

114.   Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations contained in Paragraph 115 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint against them, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## EIGHTH CAUSE OF ACTION
### Whistleblower Retaliation under New York State Labor Law 740
### (Against All Defendants)

116.   Defendants repeat and reassert their responses to the allegations above as if fully set forth herein.

117.   The allegations contained in Paragraph 117 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

118. The allegations contained in Paragraph 118 (and its subparts) of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

119. The allegations contained in Paragraph 119 (and its subparts) of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. The allegations contained in Paragraph 122 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny any inference of liability and any wrongdoing on its part.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

**WHEREFORE**, Defendants demand judgment in its favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

### AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants did not retaliate against Plaintiff in any manner.

**THIRD AFFIRMATIVE DEFENSE**

Defendants' actions were made in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff. Defendants have not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks punitive damages, any such damages must be based upon a finding of intentional, malicious, and/or reckless misconduct by Defendants. Plaintiff cannot meet this burden, and any award of punitive damages based upon a lesser standard would be a violation of Defendants' right to due process of law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant and covering for Plaintiff's own improper conduct in the workplace.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff did not engage in activity protected by any of the statutes under which he seeks relief, and as such, could not have been subjected to unlawful retaliation.

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages allegedly suffered by Plaintiff are the result of his own actions or inactions, or those of other parties over whom Defendants assert no control.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff was terminated for legitimate, non-retaliatory reasons.

## NINTH AFFIRMATIVE DEFENSE

Defendants did not engage in any wrongful conduct towards Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to offer additional defenses, which cannot now be articulated due to Plaintiff's failure to particularize his claims. Upon further particularization of the claims by Plaintiff, or upon further discovery concerning the alleged claims at issue herein, or upon discovery of further information concerning Defendants' defenses, Defendants reserve the right to assert additional defenses.

**WHEREFORE**, Defendants demand judgment in its favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

Dated: New York, New York
       March 12, 2024

**GORDON REES SCULLY MANSUKHANI, LLP**
*Attorneys for Defendants Fifth Avenue Association and Marie Boster*

By: _/s/ Michael S. Hanan_____
    Michael S. Hanan, Esq.
    Mallory J. Benner, Esq.
    1 Battery Park Plaza, 28th Floor
    New York, New York 10004
    Telephone: (973) 549-2500
    Facsimile: (973) 377-1911
    Email: mhanan@grsm.com
           mbenner@grsm.com